## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALIF DAVIS-HARRIS and AARON TUTT, individually, and on behalf of all others similarly situated, | Civil Action No. 1-22-cv-07551 |
| Plaintiffs, | **AMENDED/CORRECTED NOTICE OF REMOVAL FILED BY DEFENDANT OSMOSE UTILITIES SERVICES, INC.** |
| v. | |
| OSMOSE UTILITIES SERVICES, INC., | |
| Defendant. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441, Defendant Osmose Utilities Services, Inc. ("Defendant" or "Osmose"), by and through its undersigned counsel hereby removes the above-captioned action from the New Jersey Superior Court, Law Division, Union County Vicinage, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

**I.    Proceedings To Date**

1.    On or about October 5, 2022, Khalif Davis-Harris ("Davis-Harris") and Aaron Tutt ("Tutt") (collectively, "Plaintiffs") commenced a civil action by filing a Summons and Complaint in the Superior Court of New Jersey, Union County Vicinage, entitled *Khalif Davis-Harris and Aaron Tutt v. Osmose Utilities Services, Inc.,* Docket No.: UNN-L-002915-22 (hereinafter the "State Court Action").

2.    Plaintiffs' counsel emailed counsel for Defendant a copy of the Complaint on November 8, 2022, and a copy of Acceptance of Summons and Complaint on November 28, 2022.

3.      On December 12, 2022, Defendant executed an Acceptance of Service of Summons and Complaint.

4.      Defendant has filed this Notice of Removal within thirty days of Defendant executing the Acceptance of Service of Summons and Complaint.  The Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b)(2).

5.      Pursuant to 28 U.S.C. §1446(a) copies of the Complaint and Waiver of the Service of Summons, which constitute all process, pleadings, and orders Defendant received are attached as **<u>Exhibit A</u>**.

6.      As of this date, no responsive pleadings have been filed in the State Court Action.

II.      **<u>Grounds for Removal</u>**

     A.      **This Court Possesses Diversity Jurisdiction.**

7.      According to the Complaint, and upon information and belief, Davis-Harris is a citizen of New Jersey, residing in Atlantic County.  Compl. ¶ 11.  For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Davis-Harris is a citizen of New Jersey.

8.      According to the Complaint, and upon information and belief, Tutt is a citizen of Texas, residing in Taylor County.  Compl. ¶ 12.  For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Davis-Harris is a citizen of Texas.

9.      Osmose is a Delaware corporation whose principal place of business located at 635 Highway 74 S., Peachtree City, Georgia 30269.  (Declaration of Katherine Morrill ("Morrill Decl."), attached hereto as **Exhibit B**, ¶ 4.)  For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Osmose is a citizen of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

10.    Therefore, diversity of citizenship existed among the parties when the State Court Action was filed on or about October 5, 2022.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

**B.    The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

11.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, inasmuch as Plaintiffs' Complaint seeks lost wages, liquidated treble damages, and attorneys' fees.[1]  Compl. ¶¶ 65, 73.

12.    *Lost Wages*.  Plaintiff Davis alleges to have worked as a Crew Member for Osmose in New Jersey from September 2021 through July 2022 (i.e. approximately 47.57 weeks).  Plaintiff Davis-Harris initially earned an hourly rate of $17.00 until January 2022 when his rate increased to $18.15 per hour.   Plaintiff Davis averaged approximately 37.73 hours worked each week. (Morrill Decl. ¶¶ 10, 11.)  Plaintiff Tutt alleges to have worked as a Crew Member for Osmose in New Jersey in December 2021 (i.e. approximately 4.29 weeks).  (Compl. ¶ 12.)  During that time period, Plaintiff Tutt earned $14.00 per hour and averaged approximately 44.63 hours worked each week.  (Morrill Decl. ¶¶ 12, 13.)  Plaintiffs allege that Crew Members worked up to 7 days per week and up to 10 hours per day, or up to 70 hours per week, but were not clocked in and paid for certain tasks, such as travel time, trash removal, cleaning the truck, and unloading equipment. (Compl. ¶¶ 21-23, 28-37.)   Plaintiff Davis-Harris accordingly purports to have worked approximately 107.98 unpaid straight time hours and 1,427.1 unpaid overtime hours.  As such, Plaintiff Davis-Harris alleges to be owed up to $1,913.64 in unpaid straight time (calculated by multiplying by the pertinent hourly rate by purported unpaid straight time hours) and $37,966.05

---

[1] By acknowledging this matter satisfies the "amount in controversy" requirement, Defendant in no way suggest or admit Plaintiffs are entitled to any damages.  To the contrary, Defendant denies Plaintiffs are entitled to any damages.

in overtime (calculated by multiplying the pertinent overtime hourly rate by purported unpaid overtime hours). Plaintiff Tutt accordingly purports to have worked approximately 108.86 unpaid overtime hours. As such, Plaintiff Tutt alleges to be owed up to $2,286.03 in overtime (calculated by multiplying $21.00 by purported unpaid overtime hours). The collective unpaid wages Plaintiffs allege to be owed equate to $42,165.72.

13.    *Treble Damages*. In addition to lost wages, Plaintiffs seek treble damages for purported underpayments. (Compl. ¶¶ 65, 73.) Treble the amount of Plaintiffs' purported unpaid and overtime amounts is equal to an additional $84,331.44.

14.    *Attorneys' Fees*. Finally, Plaintiffs' request for attorneys' fees is considered when calculating the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578 (3rd Cir. 1997) ("[A]ttorney's are necessarily part of the amount of controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

15.    Based on these combined damages – lost wages, treble damages, and attorneys' fees – there can be little dispute that the amount in controversy more likely than not exceeds the statutory requirement for federal jurisdiction. Therefore, the United States District Court for the District of New Jersey has diversity jurisdiction under 28 U.S.C. §1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

## III.    <u>Venue</u>

16.     This action is currently pending in the Superior Court of New Jersey, Law Division, Union County Vicinage, which is within the judicial district.  28 U.S.C. §110.  This Court is accordingly the proper venue for removal.

**IV.    Notice**

17.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court of New Jersey, Law Division, Union County Vicinage and is being served upon Plaintiffs' counsel of record.

**V.    Conclusion**

18.     For the preceding reasons, Defendant hereby removes the State Court Action to this Court.

19.     In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction nor does it waive any other defenses available to it.

Respectfully submitted,

*/s/ Heather Steele*
Heather Steele, Esq.
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N 18th Street
Philadelphia, PA 19103
Phone:  (610) 230-2134
Email:  hsteele@fisherphillips.com

*/s/Matthew R. Simpson*
Matthew R. Simpson, Lead Counsel
Georgia Bar No. 540260*
msimpson@fisherphillips.com
JonVieve D. Hill
Georgia Bar No. 907946*
jhill@fisherphillips.com
FISHER & PHILLIPS, LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309

Telephone: (404) 231-1400
Facsimile:  (404) 240-4249
*Pro Hac Vice Application Forthcoming


Attorneys for Defendant

Dated:  December 28, 2022.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KHALIF DAVIS-HARRIS and AARON TUTT, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>OSMOSE UTILITIES SERVICES, INC.,<br><br>      Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL FILED BY DEFENDANT OSMOSE UTILITIES SERVICES, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Removal filed by Defendant

Osmose Utilities Services, Inc. was served today upon Plaintiff's counsel addressed as follows:

> Jason T. Brown
> Nicholas Conlon
> BROWN, LLC
> 111 Town Square Place, Suite 400
> Jersey City, NJ 07310
> jtb@jtblawgroup.com
> nicholasconlon@jtblawgroup.com

By: _____ *s/ Heather Steele* _____
Heather Steele

*Attorney for Defendant*

# Exhibit A

| | |
|---|---|
| KHALIF DAVIS-HARRIS and AARON TUTT, individually, and on behalf of all others similarly situated, | NEW JERSEY SUPERIOR COURT LAW DIVISION - CIVIL PART UNION COUNTY VICINAGE |
| Plaintiffs, vs. | Docket No.: |
| | COMPLAINT – CLASS ACTION |
| OSMOSE UTILITIES SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiffs, KHALIF DAVIS-HARRIS and AARON TUTT, individually and on behalf of all others similarly situated, by and through their attorneys BROWN, LLC, hereby file this Class Action Complaint against Defendant, OSMOSE UTILITIES SERVICES, INC., and state as follows:

### INTRODUCTION

1.      This is a class action brought pursuant to N.J. Ct. R. 4:32 by Plaintiffs, Khalif Davis-Harris and Aaron Tutt, individually and on behalf of all similarly situated persons employed by Defendant, Osmose Utilities Services, Inc., arising from Defendant's willful violations of the New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.* ("New Jersey Wage Acts").

2.      Defendant Osmose Utilities Services, Inc. was founded in 1934 and provides construction, maintenance, and inspection

1

services to the utility and telecommunications industries throughout the United States.

3.     Plaintiffs and the members of the putative class were employed by Defendant as hourly-paid, non-exempt crew members, and were responsible for performing on-site construction work on utility and telecommunications equipment serviced by Defendant in New Jersey and other states.

4.     Defendant failed to pay crew members for all hours worked, including, but not limited to, time spent (1) travelling between their personal residences and their assigned motels and/or job sites; (2) beginning their workday by performing work at the motel and then travelling to the job site; and/or (3) returning to the motel from the job site and then performing work at the motel, as well as other portions of their workday that their foremen failed to report in Defendant's timekeeping system.

5.     Defendant's failure to pay crew members for all hours worked violates the NJWPL, and in the weeks where such hours worked were in excess of forty (40) hours, Defendant's failure to pay for such hours also violates the NJWHL, under which employees are entitled to time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek.

6.     Plaintiffs seek unpaid straight-time and overtime wages and liquidated damages pursuant to the New Jersey Wage Acts on behalf of themselves and the "New Jersey Class," defined as: *all*

*current and former crew members who worked for Defendant on PIT or PR Crews in New Jersey at any time within the six years preceding the commencement of this action and the date of judgment. See* N.J. Ct. R. 4:32.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over this action pursuant to N.J. Const., Art. VI, Sec. III, Para. 2 and N.J. Court Rules, R. 4:3-1(a)(5).

8.     The Court has personal jurisdiction over Defendant because Defendant conducts business within the state of New Jersey, employs individuals within the state of New Jersey, and is registered with the New Jersey Secretary of State, and because the claims and Plaintiffs and the class members arise out of Defendant's contacts with New Jersey.

9.     Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privilege of conducting activities in the state of New Jersey and has established minimum contacts sufficient to confer jurisdiction over it; and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

10.     Venue is proper under N.J. Court Rules, R. 4:3-2(a)(2) because Plaintiffs' cause of action arose, in part, in Union County, New Jersey.

## PARTIES

11.     Plaintiff Khalif Davis-Harris is a resident of Atlantic County, New Jersey and worked for Defendant as a crew member throughout the State of New Jersey (including the Counties of Bergen, Burlington, Middlesex, Somerset, and Union) from approximately September 2021 to July 2022.

12.     Plaintiff Aaron Tutt is a resident of Taylor County, Texas and worked for Defendant as a crew member in the State of New Jersey (including the Counties of Bergen and Middlesex) for several weeks in December 2021.

13.     Defendant Osmose Utilities Services, Inc. is a Delaware corporation whose principal address is 635 Highway 74 S., Peachtree City, Georgia 30269.

## FACTUAL ALLEGATIONS

14.     Defendant provides construction, maintenance, and inspection services to the utility and telecommunications industries throughout the United States.

15.     Defendant employs crew members in "PIT Crews," which are responsible for digging holes around utility poles, inspecting them for decay, and treating them with chemical

preservatives, as well as "PR Crews, which are responsible for installing structural support on utility poles.

16.    PIT and PR crews typically work at "job sites" in remote areas consisting of lines of utility poles.

17.    Crew members in PIT and PR crews are all paid on an hourly basis plus production bonuses, based on performance, attendance, safety, quality, and production.

18.    Crew members report to a foreman, who supervise them and report their time into Defendant's timekeeping system.

19.    Crew members' job duties are to:

- Visually inspect each pole for hazards and gross defects prior to excavation.

- Carefully excavate (dig around) each pole, avoiding damage to buried utilities, plants, landscaping, fences, and other property.

- Internally and externally treat poles.

- Backfill and clean up each work area.

- All other reasonable duties assigned by the foreman (clean and organize truck, perform inventory, load materials, etc.).

20.    While in the field, crews typically reside in motels paid for by Defendant and travel between the motels and job sites on a daily basis.

21.     Crew members typically work five to seven (5 – 7) consecutive days per workweek.

22.     Crew members typically work over forty (40) hours per week.

23.     During their workweeks, crew members typically work shifts of at least eight to ten (8 – 10) hours per day at the job site and reside at the motel in the evenings during this time.

24.     Before, between, and/or after their workweeks, crew members travel back to their personal residences, remain at the motel, or travel to the next motel at which they are assigned to stay.

25.     Crew members typically begin their workweek by travelling from their personal residences to the motel at which their crew is stationed, by driving their personal vehicles and/or by carpooling with a co-worker.

26.     On the morning of a typical shift, Crew Members start their work at the motel, where they don personal protective equipment ("PPE"), and report to the motel parking lot, where on many days they perform various duties required by their foremen, including:

     a.     removing and disposing trash and debris from work vehicles and disposing of them;

     b.     wiping down, sweeping, and vacuuming company vehicles;

c.      counting inventories of necessary tools, equipment and supplies; gathering them from rooms or storage containers; loading them onto company vehicles; and organizing the items in the vehicles;

d.      filling containers of water and ice used at the job site for hydration, and filling coolers of ice used for storing chemicals; and

e.      mandatory meetings with the foreman regarding topics including safety, proper use of PPE, and work plans.

27.     Crew members then travel from the motel to the job site, which typically takes up to 90 minutes.

28.     Crew members typically travel between the motel and job site by riding in company vehicles.

29.     Crew members are typically not clocked in by their foremen until after they have arrived at the job site.

30.     Defendant does not pay crew members for the work they perform at the motel before travelling to the job site.

31.     The work crew members perform at the motel before travelling to the job site is compensable under the New Jersey Wage Acts because during such time they are required to be at their place of work and/or are on duty. *See* N.J. Admin. Code § 12:56-5.2(a) ("All the time the employee is required to be at his or her place of work or on duty shall be counted as hours worked.").

32.    Defendant does not pay crew members for the time they spend travelling from the motel to the job site.

33.    The time crew members spend travelling to the job site is compensable under the New Jersey Wage Acts because during such time they are required to be at their place of work and/or are on duty. *See* N.J. Admin. Code § 12:56-5.2(a).

34.    After the crew members are done working on poles for the day, they are clocked out by the foreman and then travel back to the motel together, sometimes stopping along the way at Defendant's storage facilities or hardware stores to pick up tools, equipment, or supplies, or at dumpsters to dispose of debris and trash from the job site.

35.    Upon returning to the motel, Crew Members are frequently required to perform tasks similar to those they perform in the mornings, including removing trash from vehicles that had been brought from the job site and disposing of them; wiping down, sweeping, and vacuuming company vehicles in the motel parking lot; and ensuring the company vehicles were loaded with the tools, equipment, and supplies needed to perform work on utility poles the following day.

36.    In addition, crew members often remove equipment such as batteries and containers of chemicals from the company vehicles and store them at the motel overnight.

37.     Defendant does not pay crew members for the time they spend travelling from the job site back to the motel after finishing work on poles for the day.

38.     The time crew members spend travelling from the job site back to the motel is compensable work under the New Jersey Wage Acts because during such time they are required to be at their place of work and/or are on duty. *See* N.J. Admin. Code § 12:56-5.2(a).

39.     Defendant does not pay crew members for the work they perform at the motel after returning from the job site.

40.     The work crew members perform at the motel after returning from the job site is compensable under the New Jersey Wage Acts because during such time they are required to be at their place of work and/or are on duty. *See* N.J. Admin. Code § 12:56-5.2(a).

41.     Crew members are often required to perform uncompensated work "off the clock" during the evenings and weekends they were present at the motel, including meeting with their foreman, completing mandatory company training modules, washing company vehicles, and/or travelling to pick up tools, equipment, and supplies.

42.     On many days there are additional portions of crew members' workday for which they are not paid due to the foreman not reporting such time in the timekeeping system, including but

not limited to periods during the workday inaccurately reported as "meal breaks" despite no meal break being taken.

43.    Defendant does not pay its crew members for the time it takes them to travel between their personal residences and the motel and/or job site before or after their workweeks.

44.    The time crew members spend travelling between their personal residences and the motel and/or job site between workweeks is compensable under the New Jersey Wage Acts.

45.    The uncompensated work and travel in which crew members engage away from the job site, as alleged herein, regularly occurs in excess of forty (40) hours per week.

46.    Accordingly, Defendant is liable to Plaintiffs and other crew members for uncompensated hours worked in New Jersey as alleged herein, to be paid at their base hourly rates for all hours up to forty (40) in a week. *See* NJWPL, N.J. Stat. Ann. § 34:11-4.4.

47.    Further, Defendant is liable to crew members for uncompensated hours worked in New Jersey as alleged herein, to the extent they exceeded forty (40) hours in a workweek, at time-and-a-half of their regular rates of pay. *See* NJWHL, N.J. Stat. Ann. § 34:11-56a4(b).

## CLASS ACTION ALLEGATIONS

48.    Plaintiffs bring this action pursuant to N.J. Ct. R. 4:32(b)(2) and (b)(3) on their own behalf and on behalf of the New Jersey Class, defined as:

> *All current and former crew members who worked for Defendant on PIT or PR Crews in New Jersey at any time within the six years preceding the commencement of this action and the date of judgment.*

49.    Plaintiffs reserve the right to amend this definition as necessary.

50.    The members of the New Jersey Class are so numerous that joinder of all New Jersey Class members in this case would be impractical. New Jersey Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

51.    There is a well-defined community of interest among New Jersey Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the New Jersey Class.

52.    Plaintiffs' claims are typical of those of the New Jersey Class in that they and all other New Jersey Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, promises and course of conduct as all other New Jersey Class

members' claims and their legal theories are based on the same legal theories as all other New Jersey Class members.

53.     Plaintiffs will fully and adequately protect the interests of the New Jersey Class and they have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the New Jersey Class.

54.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for New Jersey Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 4:32 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

55.     This case will be manageable as a Rule 4:32 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

56.     Because the elements of Rule 4:32(b)(3) are satisfied in this case, class certification is appropriate.

57.     Because Defendant acted and refused to act on grounds that apply generally to the New Jersey Class and declaratory relief is appropriate in this case with respect to the New Jersey Class as a whole, class certification pursuant to Rule 4:32(b)(2) is also appropriate.

<u>COUNT I</u>
<u>(Brought Individually and as a Class Action Under N.J. Ct. R.
4:32)</u>
<u>VIOLATIONS OF NJWHL — FAILURE TO PAY OVERTIME</u>

58.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

59.     Defendant was an "employer" of Plaintiffs and the other members of the New Jersey Class within the meaning of N.J. Stat. § 34:11-56a1(g).

60.     Plaintiffs and the other members of the New Jersey Class were "employees" of Defendant, within the meaning of N.J. Stat. § 34:11-56a1(h).

61.     Defendant employed Plaintiffs and the other members of the New Jersey Class, within the meaning of N.J. Stat. § 34:11-56a1(f).

62.     Defendant required Plaintiffs and the other members of the New Jersey Class to work over forty (40) hours in most weeks.

63.     Defendant failed to pay Plaintiffs and the other members of the New Jersey Class for all hours worked, as alleged herein.

64.     In many weeks, the hours worked for which Defendant failed to pay Plaintiffs and the other members of the New Jersey Class were excess of forty (40) and thus should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* N.J. Stat. Ann. § 34:11-56a4(b), but instead were not paid at all.

65.     N.J. Stat. § 34:11-58 provides that as a remedy for a violation of N.J. Stat. Ann. § 34:11-56a4(b), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Brought Individually and as a Class Action Under N.J. Ct. R. 4:32)
### VIOLATIONS OF NJWPL — FAILURE TO PAY HOURLY WAGES FOR NON-OVERTIME WORK

66.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

67.     Defendant was an "employer" of Plaintiffs and the other members of the New Jersey Class within the meaning of N.J. Stat. § 34:11-4.1(a).

68.     Plaintiffs and the other members of the New Jersey Class were "employees" of Defendant, within the meaning of N N.J. Stat. § 34:11-4.1(b).

69.     The NJWPL requires an employer to "pay the full amount of wages due to his employees at least twice during each calendar

month, on regular paydays designated in advance by the employer…." N.J. Stat. § 34:11-4.2.

70.     The NJWPL prohibits an employer from "withhold[ing] or divert[ing] any portion of an employee's wage unless the employer is required or empowered to do so by New Jersey or United States law" or the wage is withheld pursuant to other exceptions not at issue here. N.J. Stat. Ann. § 34:11-4.4.

71.     The statute defines "wages" as "direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. Ann. § 34:11-4.1.

72.     Defendant failed to pay Plaintiffs and the other members of the New Jersey Class wages for all hours worked, as alleged herein.

73.     N.J. Stat. § 34:11-58 provides that as a remedy for a violation of N.J. Stat. Ann. § 34:11-56a4(b), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiffs, Khalif Davis-Harris and Aaron Tutt, request an entry of an Order the following relief:

a.     Certifying this action as a class action (for the New Jersey Class) pursuant to Rule 4:32(b)(2) and (b)(3);

b.     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of Rule 4:32 Class members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c.     Designating Plaintiffs as the representatives of the New Jersey Class, and undersigned counsel as Class counsel for the same;

d.     Finding Defendant liable to Plaintiffs and the New Jersey Class for the alleged violations of the NJWHL and NJWPL alleged herein;

e.     Granting judgment in favor of Plaintiffs and against Defendant and awarding Plaintiffs and the New Jersey Class the full amount of damages and liquidated damages available by law;

f.     Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by N.J. Stat. § 34:11-58;

g.     Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

h.     Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs, Khalif Davis-Harris and Aaron Tutt, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to N.J. Ct. R. 4:35 with respect to the above cause.

Dated: October 5, 2022              Respectfully submitted,

                                  *s/ Jason T. Brown*
                                  Jason T. Brown (NJ Bar ID #
035921996)
Nicholas Conlon (NJ Bar ID #
34052013)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Jason T. Brown | (877) 561-0000 ext. | Hudson |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Brown, LLC | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 111 Town Square Place Suite 400 | Jersey City | NJ | 07310 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Khalif Davis-Harris, Aaron Tutt, Pltfs. | Khalif Davis-Harris and Aaron Tutt v. Osmose Utilities Services, Inc. |

Case Type Number (See page 3 for listing)  509

Are sexual abuse claims alleged?  ☐ Yes  ■ No

Does this case involve claims related to COVID-19?  ☐ Yes  ■ No

Is this a professional malpractice case?  ☐ Yes  ■ No

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending?  ☐ Yes  ■ No

If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)?  ☐ Yes  ■ No

Name of defendant's primary insurance company (if known)  ☐ None  ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?          ■ Yes          ☐ No
   If "Yes," is that relationship:
   ■ Employer/Employee          ☐ Friend/Neighbor          ☐ Familial          ☐ Business
   ☐ Other (explain) _____

Does the statute governing this case provide for payment of fees          ■ Yes          ☐ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?          ☐ Yes          ■ No
   If yes, please identify the requested accommodation:

Will an interpreter be needed?          ☐ Yes          ■ No
   If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____ /s/ Jason T. Brown _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV – Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

■ **Putative Class Action**    ☐ **Title 59**    ☐ **Consumer Fraud**

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-002915-22

**Case Caption:** DAVIS-HARRIS KHALIF  VS OSMOSE UTILITIES SER VICE

**Case Initiation Date:** 10/05/2022

**Attorney Name:** JASON T BROWN

**Firm Name:** BROWN, LLC

**Address:** 111 TOWNSQUARE PLACE STE 400 JERSEY CITY NJ 07310

**Phone:** 8775610000

**Name of Party:** PLAINTIFF : Davis-Harris, Khalif

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Khalif Davis-Harris?** NO

**Are sexual abuse claims alleged by: Aaron Tutt?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/05/2022
Dated

/s/ JASON T BROWN
Signed

Heather Z. Steele, Esq. (Attorney ID# 033732003)
**FISHER & PHILLIPS LLP**
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
(610) 230-2150 (phone)
hsteele@fisherphillips.com
Attorneys for Defendant Osmose Utilities Services, Inc.

| | |
|---|---|
| KHALIF DAVIS-HARRIS and AARON TUTT<br><br><div align=center>Plaintiffs,</div><br><div align=center>vs.</div><br>OSMOSE UTILITIES SERVICES, INC.,<br><br><div align=center>Defendant.</div> | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br><br>Docket No. UNN-L-002915-22<br><br>CIVIL ACTION<br><br><div align=center>**WAIVER OF SERVICE**</div> |

<div align=center><u>**WAIVER OF THE SERVICE OF SUMMONS**</u></div>

To:    Jason T. Brown, Esquire
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the Complaint.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:    December 16, 2022                          /s/ *Heather Z. Steele*
                                                    *Signature of the attorney or unrepresented party*

Osmose Utilities Services, Inc.                     Heather Z. Steele
*Printed name of party waiving service of summons*  *Printed name*

                                                    Two Logan Square | 12th Floor
                                                    100 N. 18th Street
                                                    Philadelphia, PA 19103
                                                    *Address*

hsteele@fisherphillips.com
*E-mail address*

(610) 230-2134
*Telephone number*

# Exhibit B

## DECLARATION OF KATHERINE MORRILL

I, Katherine Morrill, do hereby state as follows:

1.      I am over 18 years of age, and I am competent to testify to the matters stated in this declaration.

2.      I am providing this Declaration of my own free will.  I have not been promised or threatened with anything in exchange for providing this information.  I understand that this Declaration is for use in the above-captioned matter and for any other lawful purpose.

3.      I am currently the Payroll Manager for Osmose Utilities Services, Inc. ("Osmose"). I have worked for Osmose since July 2016.

4.      Osmose is a foreign profit corporation incorporated in Delaware and with its principal office address located in Peachtree City, Georgia.

5.      In my position as Payroll Manager, I regularly access and review Osmose's payroll records.

6.      Gregory Weaver ("Mr. Weaver") earned a base hourly rate of $15.50 as a Crew Member for Osmose.

7.      During the relevant time period, Mr. Weaver averaged about 36.30 hours worked each week.

8.      Timothy Corvin ("Mr. Corvin") earned a base hourly rate of $18.15 as a Crew Member for Osmose.

9.      During the relevant time period, Mr. Corvin averaged about 37.52 hours worked each week.

1

10.     Khalif Davis ("Mr. Davis") initially earned a base hourly rate of $17.00 as a Crew Member for Osmose until January 2022 when his hourly pay rate increased to $18.15.

11.     During the relevant time period, Mr. Davis averaged about 37.73 hours worked each week.

12.     Aaron Tutt ("Mr. Tutt") earned a base hourly rate of $14.00 as a Crew Member for Osmose.

13.     During the relevant time period, Mr. Tutt averaged about 44.63 hours worked each week.

14.     Prior to signing this declaration, I was provided with a full opportunity to carefully review this declaration and freely make any corrections and additions of any kind.  I verify that the information I have provided in this declaration is true and correct.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Katherine Morrill                                        Dec 28, 2022
DocuSigned by:
2D8B3E9597814C3
KATHERINE MORRILL                                        Date

2